EDWARD JANIK, Plaintiff-Appellant, *v.* KIPLEY CONSTRUCTION COMPANY *et al.*, Defendants-Appellees.

(No. 59562; ▮▮▮▮▮▮▮▮)

First District (4th Division)—January 22, 1975.

*Rehearing denied February 18, 1975.*

Harold A. Liebenson, of Chicago, for appellant.

Anton J. Valukas, of Chicago (Marshall D. Ossey and Michael B. Helding, of counsel), for appellee Kipley Construction Co.

Sweeney & Riman, of Chicago (Gerald O. Sweeney, of counsel)', for appellee LaSalle Glass & Mirror Co.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The plaintiff, Edward Janik, brought this personal injury action in the Circuit Court of Cook County against the Kipley Construction Company

and the LaSalle Glass & Mirror Company, both corporations, for injuries received when he was struck on the head by a metal window frame. The Kipley Construction Company filed a cross-complaint against the LaSalle Glass & Mirror Company, and both defendants filed third-party complaints against Airtight, Inc. At trial the court directed a verdict in favor of the defendants at the close of all the evidence.

The question presented for review is whether the trial court properly directed a verdict in favor of the defendants.

Edward Janik, an employee of Illinois Bell Telephone Company, was injured on April 4, 1968, while he was working in the manager's office at the Chicago Yacht Club, where a window was being installed. The office was a room about 8 feet by 12 feet, and a window opening had been cut in the north wall approximately 3 feet by 6 or 8 feet. The general contractor for that work was the Kipley Construction Company. The foreman for Kipley Construction, Robert Klug, was on the job each day and made continuous checks on the progress of the work. He had called the LaSalle Glass & Mirror Company and ordered the delivery of the window frame. The frame was delivered and placed against the north wall by an employee of the LaSalle Glass company, who placed it at an angle to the wall with the long portion of the window facing up and down. The plaintiff testified the top rested against some temporary wires which were hanging down from the ceiling, and the base rested on the floor about a foot from the wall. The frame, which weighed between 35 and 50 pounds, was not secured in any way, and there was testimony that the window opening allowed considerable wind into the room.

An employee of Airtight, Inc., was installing an acoustical ceiling in the office and was using a scaffold which measured about 2 feet by 6 feet. The platform was on movable rollers, which were not locked.

Janik testified he was working by the south wall about a foot from the platform, and he bent down to cut some cable. The scaffold seemed to move, and he was struck on the head by the window frame. He did not know how the frame happened to fall.

■■ The plaintiff contends the trial court erred in granting the defendants a directed verdict at the close of all the evidence. The general rule of liability for negligent acts and omissions is stated in *Kahn v. James Burton Co.* (1955), 5 Ill.2d 614, as follows:

> "Every person owes to all others a duty to exercise ordinary care to guard against injury which may naturally flow as a reasonably probable and foreseeable consequence of his act, and the law is presumed to furnish a remedy for the redress of every wrong. The duty to exercise ordinary care to avoid injury to another does not depend upon contract, privity of interest, or the proximity of rela-

tionship, but extends to remote and unknown persons." (5 Ill.2d 614, 622.)

The plaintiff alleged he was injured while working at the Chicago Yacht Club, and his injuries were the result of negligence by the defendants. Among the allegations of negligence are: The frame was improperly placed and secured; there was failure to provide a safe place for plaintiff to work, failure to warn plaintiff of the dangerous condition of the frame, and failure to supervise work performed on the premises.

■■■ Under the facts of this case the questions of whether or not injury to the plaintiff might have been reasonably anticipated by the defendants and whether plaintiff was contributorily negligent are questions for the jury. A verdict for the defendants can be directed only under the standard set forth in the case of *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill.2d 494:

> "In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (37 Ill.2d 494, 510.)

In applying the *Pedrick* rule to this case, we find as a matter of law the record discloses sufficient evidence favorable to the plaintiff that a question of fact is created for determination by the jury.

■■ The plaintiff was working in a place where he had a right to be, and there have been no allegations or proof he did anything wrong. The question of whether the duty to provide adequate protection for one lawfully on the premises and whether such duty was fulfilled is for the jury to determine. *Garrett v. S. N. Nielsen Co.* (1964), 49 Ill.App.2d 422.

For these reasons the judgment of the Circuit Court of Cook County is reversed and remanded for a new trial.

Reversed and remanded for a new trial.

BURMAN and ADESKO, JJ., concur.